Ruffin, C. J.
 

 The decision of the Superior Court is sustained by the general law,
 
 Rev. Stat. Ch.
 
 74
 
 sec.
 
 14, and the case of
 
 Mumford
 
 v.
 
 Terry, 2
 
 Law Rep. 425. But it is contended for the plaintiff’, that the law was altered by the Act of 1844, ch, 12, and that now there is no rem
 
 *101
 
 ody for a nuisance of this kind, in thG County of Henderson, but by the common law action The Act in question enacts, “ that it shall not be lawful for the County Courts of Buncombe, Henderson and several adjoining Counties named to try any causes, where a jury may be necessary, nor shall they summon any jury to attend them, and that all suits in the said Counties, whether civil or criminal, shall originate in the Superior Courts, and all appeals from justices of the peace in civil cases shall be returnable to ihe Superior Court.” Upon these provisions, taken in connection with that of the Revised Statutes» which requires the remedy by petition to originate in the County Court, and that a jury shall go on the premises to assess the damages, and authorizes the cognizance of it in the Superior Court, upon appeal only, and directs a trial there at bar, it is argued that neither the County nor SuperiorCcurl can entertain a suit by petition, and, therefore, it is inferred, as there must be a remedy for an admitted injur}», that the one by action on the case lies. But the Court cannot concur in the reasoning nor in the conclusion. The Act of 180Í) was intended, and has even been coustrued, as a highly beneficial law, entitled to a liberal interpretation. It was thus characterized in
 
 Gillet
 
 v.
 
 Jones.
 
 1 Dev. & Bat. 339, as well as in
 
 Mumford
 
 v.
 
 Terry,
 
 and subsequent cases. If, therefore, the jurisdiction of the County Courts over this subject were expressly abrogated, it would not follow, that the beneficial provisions, as to the method of ascertaining and making the compensation due for the injury,occasioned to another by the erection of a mill, were to be wholly lost to the country. It would rather be the duty of the Judges to consider, that the jurisdiction of the County Courts was transferred to the Superior Courts, so as to vest in the latter, by the union of the powers of both Courts, the whole jurisdiction of the subject, to be exercised, as far as possible, in the manner prescribed by the Statute, and
 
 *102
 
 to answer the ends within its provisions. But that is the more emphatically true, when it is observed, that the act in question is not a general law, but has only a local operation, and respects the jurisdiction of the Courts of six Counties only. For it would be wholly inadmissible to suppose, that the Legislature meant by the act, not mere • Jy to say in what Courts actions should be brought in those Counties, but, also, that the rule of law, as to the rights and the remedies of the citizens, respecting so important a matter, should be different there from that in all the rest of the State. It is clear, therefore, to our apprehension, that the citizens of those Counties are not thrown back to the common law in this respect; but that either the County or Superior Court may, and therefore, must, entertain a suit by petition, as prescribed by the Act of 1836.
 

 Per Curiam
 

 Judgment affirmed.